1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8   DONALD R. DeBOSE,                        No. C 14-5268 SI (pr)
9              Plaintiff,                    **ORDER OF DISMISSAL WITH
                                             LEAVE TO AMEND**
10          v.
11  STATE OF CALIFORNIA; et al.,
12             Defendants.
13  _____/
14                          **INTRODUCTION**

15          Donald R. DeBose, an inmate on death row at San Quentin State Prison, filed this *pro se*
16  prisoner's civil rights action under 42 U.S.C. § 1983, complaining that the California process for
17  reviewing capital convictions and sentences is unlawfully slow and inadequate.   DeBose's
18  conviction has been affirmed on appeal; his state habeas petition is pending.  His complaint is
19  now before the court for review under 28 U.S.C. § 1915A.
20
21                          **DISCUSSION**
22  A.     <u>Review of Complaint</u>
23          A federal court must engage in a preliminary screening of any case in which a prisoner
24  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*
25  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss
26  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,
27  or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).
28  *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
    696, 699 (9th Cir. 1990).

<div style="margin-left:0">

**United States District Court**
For the Northern District of California

</div>

United States District Court
For the Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The overarching problem with the complaint in this action is that it reads much more a legal brief than a complaint.  There are dozens of pages of generalized argument about the death penalty, discussions of the average death row inmate's experience (rather than DeBose's individual experiences), and lengthy discussions of other cases.  That the document provides very little information about DeBose's particular problems is not surprising because the 53-page complaint has been recycled and filed by several inmates on death row.  (*See* footnote 1, *infra*.) DeBose must file an amended complaint that cures the problems discussed in this order.

First, the 53-page complaint fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P, 12(b)(6).  Although a complaint or amended complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint or amended complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). The amended complaint must provide a short and plain statement of DeBose's claim(s).

Second, DeBose has no standing to complain about problems experienced by any other inmate.  "[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).  His complaint is quite generic, and is one of several from death row inmates who have filed extremely similar

United States District Court
For the Northern District of California

complaints urging similar theories.[1]  DeBose includes facts that plainly have no applicability to his own case.  *See, e.g.,* Docket # 1 at 32-33 (discussing delays in the preparation of the record on appeal from Theodore Shove's case); *id.* at 47 (discussing facts related to inmate Lawley's experiences).  DeBose also includes allegations about the "average" amount of time at various point in the death penalty review process when he already knows that some of those alleged average delays were not experienced by him.  *Compare id.* at 34 and 36 *with id.* at 6.  DeBose must confine  his amended complaint to allegations about his specific factual situation, and not about the death penalty in general or the review process in general.

Third, some of DeBose's contentions may call into question his conviction, such as his assertions that the trial court improperly denied a continuance so that his attorney could investigate and prepare for trial, *see* Docket # 1 at 4, and the existence of *Brady* violations, *id.* at 10, and the slowness of the capital appeal process.  DeBose may not assert any § 1983 claim that would call into question the validity of his conviction as long as the conviction remains in place.  The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful.  *See id.* at 486-87.  A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly

---

[1]In 2012, DeBose filed a civil rights action  complaining that the California process for reviewing capital convictions and sentences is unlawfully slow and inadequate.  *See DeBose v. Brown*, N. D. Cal. Case No. C 12-6169 SI.  That complaint was very similar to complaints filed by other death row inmates.  *See, e.g., Shove v. Brown*, N. D. Cal. Case No. C 12-211 RMW; *Duff v. Brown*, N. D. Cal. Case No. 12-529 EMC; *Bolin v. Brown*, N. D. Cal. Case No. C 12-637 PJH; *Vieira v. Brown*, E. D. Cal. Case No. 12-cv-0044-AWI-MJS; *Avena v. Brown*, C. D. Cal. Case No. 12-cv-00485-UA-DUTY; *Brasure v. Brown*, C. D. Cal. Case No. 12-CV-1027-UA-DUTY.  In 2014, several of the same death row inmates (including DeBose) filed substantially similar cases in the U.S. District Court for the District of Columbia, and those cases were transferred to this district because the death row inmates were in custody in this district.  *See, e.g., Shove v. State of California*, N. D. Cal. Case No. C 14-4196 JD; *Bolin v. State of California*, N. D. Cal. Case No. C 14-4087 PJH; *Duff v. State of California*, N. D. Cal. Case No. C 14-4036 EMC; *Hernandez v. State of California,* N. D. Cal. Case No. C 14-4038 RS.

United States District Court
For the Northern District of California

1  challenge the conviction or sentence -- would imply that the conviction or sentence was invalid.

2  The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil

3  rights action for damages; the decision must have been successfully attacked *before* the civil

4  rights action for damages is filed.  The *Heck* rule was first announced with respect to an action

5  for damages, but the Supreme Court has since applied the rule to an action that sought

6  declaratory relief as well as damages.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  If

7  success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its

8  duration," the § 1983 action is barred no matter the relief sought (i.e., damages or equitable

9  relief) as long as the conviction has not been set aside.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82

10  (2005).

11       Fourth, the complaint does not link any defendant to a legal claim.  In his amended

12  complaint, DeBose must be careful to allege facts showing the basis for liability for each

13  defendant for each of his legal claims.  He should not refer to them as a group (e.g., "the

14  defendants"); rather, he should identify each involved defendant by name and link each of them

15  to his claim by explaining what each involved defendant did or failed to do that caused a

16  violation of his rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

17       Fifth, DeBose failed to attach to his complaint the exhibits he refers to therein.  If he

18  refers to any exhibits in his amended complaint, those exhibits must be attached to the amended

19  complaint.

20       Finally, DeBose must provide more specific declaratory and injunctive relief requests.

21  In light of the *Heck* problem mentioned earlier in this order, as well as the rule that a petition for

22  writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive federal avenue to challenge the

23  fact or duration of one's confinement, it is particularly important that the scope of the requested

24  relief be understood so that these rules are not undermined.

25

26

27

28

United States District Court
For the Northern District of California

B.     Order To Show Cause Re. Pauper Status

The court ordered DeBose to show cause why *in forma pauperis* status should not be disallowed under 28 U.S.C. § 1915(g) due to the existence of three earlier dismissals of actions as frivolous, malicious or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g) (A prisoner may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

DeBose filed a response stating that one of the three cases should not count because it had been removed from state court by the defendants and therefore he had not "brought" the action, as required for the dismissal to be counted under § 1915(g).  The court agrees.  The order to show cause is discharged.  Docket # 8.  The *in forma pauperis* application will be ruled upon in a separate order.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend.  The amended complaint must be filed no later than **March 27, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: February 25, 2015

SUSAN ILLSTON
United States District Judge

5