UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. DEBOSE,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 14-cv-05268-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 21 |

Plaintiff has moved for reconsideration of the June 24, 2015 order of dismissal.

To evaluate plaintiff's motion, it is necessary to recount the lengthy wait for an amended complaint that occurred before the court dismissed the action. The complaint in this *pro se* prisoner's civil rights action was dismissed with leave to amend on February 25, 2015 because, among other things, the complaint failed to provide a short and plain statement of the claim showing that the pleader is entitled to relief. Dkt. No. 12. The action was originally dismissed on April 29, 2015 because the amended complaint had not been filed by the March 27, 2015 deadline. Plaintiff then moved for reconsideration of that order of dismissal, claiming that he had sent in a request for extension of time to file his amended complaint (although the court never received it). The court granted the motion for reconsideration and reopened the action on May 26, 2015, directing plaintiff to file an amended complaint no later than June 22, 2015, and warning him not to expect any further extensions of the deadline. *See* Dkt. No. 17 at 2. On June 24, 2015, the court denied plaintiff's latest request for another extension of the deadline to file his amended complaint, and dismissed the action. Dkt. No. 19. The action was dismissed because plaintiff had failed to file an amended complaint providing a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.*

A party may move to alter or amend a judgment in a motion filed no later than 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Plaintiff argues in his motion for reconsideration that the court erred in dismissing the action because, in denying his June 22, 2015 request for a third extension of the deadline, the court did not consider a medical reason that he had mentioned five months earlier in a request for extension of a deadline to file a different document - but which he did not mention in requesting the third extension of time. The June 22, 2015 motion for additional time did not mention any medical problems and sought additional time because plaintiff had been put in administrative segregation and been separated from his property. The court did not err in not considering an argument not made in the June 22, 2015 request for an extension of the deadline to file an amended complaint. The court is not obliged to scour the record to find arguments a litigant has not made in a request for an extension of a deadline. Moreover, by the time plaintiff made that June 22, 12015 request, he had already had more than one hundred days to prepare his amended complaint; even if, as plaintiff states, he could not sit for extended amounts of time, he could have finished the amended complaint many weeks earlier with just an hour of work per day on it. Plaintiff also argues that dismissal was improper because his program status changed on June 12, 2015, but this does not warrant setting aside the judgment because plaintiff had many months before then to prepare his amended complaint and had been warned not to expect a further extension of the deadline. In fact, as of the July 8, 2015 date of his declaration in support of his motion for reconsideration, plaintiff still was not finished with his amended complaint. *See* Dkt. No. 21 at 4. There is no reason not to expect that yet another request for extension of the deadline would be made if the request was granted. The motion for reconsideration is DENIED. Dkt. No. 21.

The court clarifies that the dismissal of this action is without prejudice. The dismissal of this action will not count as a dismissal for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated: October 14, 2015

_____
SUSAN ILLSTON
United States District Judge